# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2011

Lyle W. Cayce
Clerk

No. 10-60515

CONTAINER CORPORATION, Successor in Interest of Container Holdings Corporation, Successor to Interest of Vitro International Corporation,

Petitioner - Appellee

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellant

Appeal from the Decision
of the United States Tax Court
USTC No. 3607-05

Before JONES, Chief Judge, BENAVIDES, Circuit Judge, and AYCOCK[*], District Judge.

PER CURIAM:[**]

The Commissioner appeals following the United States Tax Court's decision in favor of the taxpayer corporation. The Tax Court held that guaranty fees paid by a United States subsidiary to a foreign corporation are analogous to payments for services, and that the fees were not generated by a source within

---

[*] District Judge of the Northern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States.  Thus, those fees were not subject to withholding taxes under 26 U.S.C. § 881(a).

This Court "appl[ies] the same standard of review to decisions of the Tax Court that [it] appl[ies] to district court decisions." *Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007) (citing *Arevalo v. Comm'r*, 469 F.3d 436, 438 (5th Cir. 2006)). "Findings of fact are reviewed for clear error and issues of law are reviewed de novo." *Id.* (citing *Arevalo*, 469 F.3d at 438). "Clear error exists when this [C]ourt is left with the definite and firm conviction that a mistake has been made." *Id.* (citing *Streber v. Comm'r*, 138 F.3d 216, 219 (5th Cir. 1998)).  Factual findings must be affirmed if they are "plausible in light of the record viewed in its entirety." *Estate of Lisle v. Comm'r*, 541 F.3d 595, 601 (5th Cir. 2008).

To determine what class of income guaranty fees fall within or may be analogized to, the court must look to the "substance of the transaction." *Bank of America v. United States*, 680 F.2d 142, 147 (Ct. Cl. 1982).  The Commissioner contends the guaranty fees are more closely analogized to interest, while Container Corporation argues that the fees are more closely analogous to payment for services. *See Howkins v. Comm'r*, 49 T.C. 689 (1968) (applying by analogy the sourcing rule for the income type that is most similar to the income in question where that income is not covered under a specific statutory sourcing rule).

Looking to the substance of the transaction, the Tax Court found that the guaranty fees were more closely analogous to payments for services. *Container Corp. v. Comm'r*, 134 T.C. 122 (2010). International, the domestic corporation, paid Vitro, its Mexican parent corporation, fees to guarantee notes issued by International. *Id.* at 129.  The guaranty here was not a loan transaction as no money was exchanged.  Vitro's obligations under the guaranty were contingent on International's default.  Thus, the guaranty was issued as a secondary obligation. The factual basis of the guaranty and guaranty fee payments relied on by the Tax Court evidence that Vitro was being compensated for its promise

to stand by in the event a future obligation materialized and not for putting its money at risk at the time of signing the guaranty. Accordingly, the Tax Court's factual findings are not clearly erroneous, nor is its ultimate characterization incorrect.

It is clear that the source of payments for services is where the services are performed, not where the benefit is inured. *See Comm'r v. Piedras Negras Broadcasting Co.*, 127 F.2d 260, 261 (5th Cir. 1942). The Tax Court held that Vitro's promise to pay in the event of default produced the guaranty fees. Vitro's guaranty was the service. Thus, the services were performed in Mexico, and International did not have to withhold thirty percent of the guaranty fees paid. *Container Corp.*, 134 T.C. at 140.

Under these factual circumstances, the guaranty fees are more analogous to payments for services, and the income was properly sourced outside the United States. As we find no reversible error of fact or law, the judgment of the Tax Court is **AFFIRMED.**